IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAYMOND PUGA NUNEZ, PRO SE, TDCJ-CID #875787, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:04-CV-0302 |
| TIM REVELL, M.D., and JOE S. NUNN, Asst. Warden, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff RAYMOND PUGA NUNEZ, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and was granted permission to proceed in forma pauperis.

By his May 6, 2005, Amended Complaint, plaintiff claims that defendant REVELL authorized orthopedic shoes for him in April of 2004 and he was measured for such shoes on November 30, 2004. By his May 20, 2005 Questionnaire response, plaintiff states the shoes arrived at the Clements Unit on January 12, 2005 but were not delivered to him until April 13, 2005. Plaintiff claims REVELL was deliberately indifferent to his serious medical need by delaying the delivery of plaintiff's shoes and defendant NUNN failed to remedy the problem when he denied plaintiff's grievance on the matter.

By his Amended Complaint, plaintiff requests injunctive relief in the form of an order that he be given his shoes, as well as nominal, compensatory, and punitive damages for physical and mental injury. The Court notes plaintiff received his shoes subsequent to submitting his proposed amended complaint and the requested injunctive relief is now moot.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Civil Rights of Institutionalized Persons Act, Title 42, United States Code, section 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [Title 42, United States Code, section 1983,] or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff responded to section III of the complaint form asking whether the plaintiff has exhausted both steps of the grievance procedure by checking the box indicating he had done so. Nevertheless, review of the grievances submitted by plaintiff with his original complaint reveals grievance no. 2003212501 concerned an alleged theft or improper confiscation of property. No other grievances are submitted. Further, no grievances were submitted with plaintiff's amended complaint.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

By the May 6, 2005 Briefing Order, the Court instructed plaintiff to submit a copy of each Step 2 grievance, showing the response by prison officials, which he felt constituted exhaustion of administrative remedies concerning the claims asserted in this suit. Plaintiff responded that his step 2 grievance was "filed previously with original and/or amended complaint."

The grievances plaintiff has presented would not give prison officials any notice that he was complaining of a failure to provide him orthopedic shoes or of a delay in the delivery of such shoes and are, therefore, not sufficient to exhaust administrative remedies on plaintiff's claims in this suit. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). It appears plaintiff has failed to exhaust administrative remedies before filing the instant suit in federal court.

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**CONCLUSION**

The claims asserted in this cause are barred by plaintiff's failure to comply with the section 1997e exhaustion of administrative remedies requirement before filing the instant suit challenging prison conditions. Further, because they presently lack an arguable basis in law, they are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN

3

FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b).  *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

    LET JUDGMENT BE ENTERED ACCORDINGLY.

    All pending motions are DENIED.

    The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

    IT IS SO ORDERED.

    ENTERED this   31st   day of May, 2005.


        /s/ Mary Lou Robinson
        MARY LOU ROBINSON
        UNITED STATES DISTRICT JUDGE